Filed 10/19/20  P. v. Guinn CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NAITHAN JACOBE GUINN,<br><br>    Defendant and Appellant. | F079375<br><br>(Super. Ct. Nos. BF171199A,<br>BF165884A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Kevin J. Lindsley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Pursuant to a negotiated disposition, Naithan Jacobe Guinn admitted violating probation in case Nos. BF165884A and BF171199A and was sentenced to state prison.

---

[*]      Before Detjen, Acting P.J., Franson, J. and Peña, J.

Guinn appealed and appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues. On January 13, 2020, this court advised Guinn he had 30 days to personally submit any contentions or issues he wanted us to consider. Guinn submitted no response. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

*Kern County Superior Court Case No. BF165884A*

According to the probation officer's report, on October 9, 2016, Guinn grabbed and punched a woman on her leg during a confrontation and prevented her from going into her home. He then retrieved a knife, threatened to stab the woman and another woman, and took off his belt and threatened to use it as a noose.

Guinn was charged on October 12, 2016, with two counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1]; two counts of making criminal threats (§ 422); one count of false imprisonment (§§ 236/237, subd. (a)); and one count of battery (§ 243, subd. (a)). It was further alleged that Guinn personally used a deadly weapon while making the criminal threats (§ 12022, subd. (b)(1)).

On October 21, 2016, pursuant to a negotiated disposition, Guinn pled no contest to an amended count of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), and the remaining counts were dismissed.

On November 21, 2016, imposition of sentence was suspended, and Guinn was placed on three years' formal probation and ordered to serve nine months in county jail.

*Kern County Superior Court Case No. BF171199A*

According to the probation officer's report, on January 5, 2017, Guinn, then 18 years old, engaged in sexual intercourse with a 13-year-old girl.

Guinn was charged on February 9, 2018, with one count of lewd acts with a child (§ 288, subd. (a)).

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2.

On April 23, 2018, pursuant to a negotiated disposition, Guinn pled no contest to the charge and admitted to violating probation in case No. BF165884A.

On July 6, 2018, imposition of sentence was suspended, Guinn was placed on three years' formal probation and ordered to serve one year in county jail.

*Probation Revocation Proceedings for Both Cases*

On December 27, 2018, petitions to revoke probation were filed in both cases, alleging Guinn violated the terms and conditions of probation by failing to provide a current address, removing his electronic monitoring device, and committing a new offense, statutory rape (§ 261.5, subd. (c)).

On April 11, 2019, pursuant to a negotiated disposition, Guinn admitted to violating probation in case Nos. BF165884A and BF171199A. Guinn was sentenced to serve six years in state prison in case No. BF171199A, and to three years concurrent in case No. BF165884A.

*Conclusion*

We have examined the appellate record and are satisfied Guinn's attorney has complied with the responsibilities of counsel and no arguable issue exists. (*People v. Wende, supra,* 25 Cal.3d at p. 441.)

**DISPOSITION**

The judgment is affirmed.